COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       William David Golden v. State of Texas

Appellate case number:    01-12-00735-CV

Trial court case number:  2008-33634

Trial court:                     269th District Court of Harris County

Appellant, William David Golden, has filed a motion for reconsideration of this Court's May 15, 2013 order, arguing that "the Clerk's Record is lacking in substance and form by omitting items designated for the Content and the Statement of facts [sic]." Golden seeks a determination that "the Clerk's Record is incomplete and the additional items of the docket entries are required to support Appellant's claim, points and issues on appeal."

In his motion, Golden states:

> Appellant objects to the Court of Appeals Clerk's incorrect information with respect to the Appellate Record at Pp 250–258 Respondent's Request For Designating Appellate Record On April 24, 2012, Notice of Submission Respondent's Motion For a Continuance Request For TeleConferencing Trial on May 4, 2012, for a ruling; including pleadings Affidavit in Support of the Necessary interrogatories, admissions, depositions, for evidence therein.
> These records were omitted by Pat Tippins, Deputy Clerk on the 9th day of March A.D., 2013. [sic]

He further argues that the record "has omitted documents requested on original submission in preparation of the Appellate Record on no fault of the Appellant." Finally, Golden argues that the reporter's record has not been made a part of the clerk's record, and, "therefore, the Motion to Recuse Hearing is not in [the district clerk's] records per se."

As an initial matter, the appellate record consists of the reporter's record and the clerk's record. *See* TEX. R. APP. P. 34.1. The reporter's record is separate and distinct from the clerk's record. *See* TEX. R. APP. P. 34.1, 34.5, 34.6, 35.3(a), (b). Therefore, Golden's request to supplement the clerk's record with the reporter's record is denied.

Further, Golden's "Motion for a Continuance Request For TeleConferencing Trial," the "Notice of Submission" thereof, and Golden's "Request For Designating Appellate Record" are included in either the original clerk's record filed March 8, 2013 or the supplemental clerk's

record filed May 16, 2013, and are therefore part of the record. These records have not been "omitted" from the clerk's record.

Finally, Golden fails to identify any other specific document that he asserts was timely designated for inclusion in, but is missing from, the record.[1] If Golden believes the record is deficient, it is his burden to identify the specific document or documents that was/were timely designated for inclusion but is/are missing from the record; this Court has no duty to search the record for completeness.[2] *See* TEX. R. APP. P. 37.2; *cf.* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation at direction of any party if relevant items are missing from record). Accordingly, we deny Golden's request that we determine the clerk's record is incomplete and we deny Golden's motion to reconsider our May 15, 2013 order.[3]

Golden has also filed a "Third Motion for Extension of Time to File Appellant's Brief on Appeal." In his motion, Golden states that "he has not received the Harris County District Clerk's Appellate Record, supplemental portions or a complete record pending in this appeal that was charged on May 16, 2013, and March 8, 2013." Accordingly, we direct the Clerk of this Court to mail a copy of the supplemental clerk's record filed on May 16, 2013 to Golden, and we grant Golden's motion for extension of time to file his brief. Golden's brief will be due no later

---

[1]    Golden asserts that "pleadings Affidavit in support of the Necessary interrogatories, admissions, depositions, for evidence therein [sic]" are missing from the record. We note that not only does Golden fail to identify specific documents, the category of items allegedly missing from the record are, by rule, not to be filed as part of the record. *See* TEX. R. CIV. P. 191.4 (stating that requests for and responses to discovery "must not be filed").

[2]    Nor does this Court have the ability to know if any documents designated by a party but not included in the record were omitted from the record for good cause, such as the trial court clerk's inability to determine what document was designated or the designation of a document that does not exist or was never filed with the trial court clerk. *See* TEX. R. APP. P. 34.5(b)(2). Therefore, this Court will not presume the trial court clerk erred in the creation of the clerk's record without a specific identification by a party of a document designated for inclusion in the record that is missing.

[3]    If Golden believes a document that he previously designated for inclusion in the record is missing, he should specifically identify the previously-designated document and state why it is necessary for inclusion in the record. *See* TEX. R. APP. P. 34.5(a)(13), (b)(1), (2), (3). If Golden believes that a document that was not previously designated for inclusion in the record but that is necessary to his appeal is missing from the record, he should specifically identify the document and direct the trial court clerk to file a supplemental clerk's record containing the missing document, and such document will become part of the appellate record in this case. *See* TEX. R. APP. P. 34.5(b)(2), (4), (c)(1), (3). However, for any document not previously designated for inclusion in the clerk's record, the deadline by which Golden must file his brief will not be extended based on any future request to supplement the clerk's record. *See* TEX. R. APP. P. 34.5(b)(1), 38.6(a).

than 30 days from the date of this order, and no further extensions of time will be granted, absent extraordinary circumstances.

It is so ORDERED.


Judge's signature: /s/ Jim Sharp

☑ Acting individually    ☐ Acting for the Court


Date: July 31, 2013